UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN MORRIS and ADRIAN DAVIS,

                              Plaintiffs,                              **COMPLAINT**

     -against-

THE CITY OF NEW YORK,                                      JURY TRIAL DEMANDED
HUGO ORTEGA (TAX 935438), and
JOHN DOES 1-10,

                              Defendants.
------------------------------------------------------------------X

        Plaintiffs, STEVEN MORRIS and ADRIAN DAVIS, by and through their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiffs, STEVEN MORRIS and ADRIAN DAVIS, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

3.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.  The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.  Venue herein is proper for the United States District Court for the EASTERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiffs filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.  That plaintiffs, pursuant to General Municipal Law 50(h) were produced for a statutory hearing.

8.  This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## JURY TRIAL DEMAND

9. Plaintiffs hereby demand a trial by jury of all issues in this action that are triable.

## PARTIES

10. Plaintiffs STEVEN MORRIS and ADRIAN DAVIS are adult males and at all times hereinafter mentioned were and still are citizens of the United States residing in the State of New York and the County of the Kings.

11. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

13. Defendant Detective Hugo Ortega (935438) (hereinafter, "defendant Ortega"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to Narcotics Bureau Brooklyn North. Defendant Ortega is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Ortega was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW

3

YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Ortega is sued herein in his official and individual capacities.

14. Defendants JOHN DOES 1-10 (hereinafter, "the Doe Defendants"), are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. The Doe defendants are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK. The Doe defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The Doe defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

15. On July 11, 2012 at approximately 6:00 pm, in the County of Kings, City and State of New York, plaintiffs were lawfully sitting outside of 30 Vermont Street when the defendants arrived suddenly with weapons drawn, on duty, and in NYPD vehicles.

16. Without any legal basis or justification for doing so and without warning, the defendants tackled plaintiffs to the ground.

17. The plaintiffs were not engaged in any unlawful or suspicious activity and at all times complied with defendants' directives.

18. Although there was no legal basis to detain, seize, or use any force against the

plaintiffs, the defendants proceeded to kick, shove, push, punch and strike plaintiffs.

19. Although there was no legal basis for doing so, the defendants searched plaintiffs.

20. The searches yielded no evidence of gun, drugs, or contraband.

21. Despite the absence of any evidence of wrongdoing in the part of plaintiffs, the defendants applied excessively tight handcuffs to the plaintiffs and formally arrested them.

22. Plaintiffs were then taken to a local area precinct believed to be the 75th Precinct, where they were held for several hours.

23. Plaintiff Steven Morris was strip searched twice at the 75th Precinct.

24. The search yielded no evidence of guns, drugs, or contraband.

25. Despite the absence of any evidence of wrong doing on the part of either plaintiff, they were then transferred to New York County Central Booking.

26. Plaintiffs asked the defendants why they were being transferred to Central Booking in New York County when they had been arrested in Kings County, and they were informed by the defendants that they were being transferred to New York County "because the warrant in Brooklyn [was] taking too long."

27. Plaintiffs remained at New York County Central Booking for several more days.

28. While at Central Booking, both plaintiffs were strip searched, with Plaintiff Steven Morris being strip searched a total of three times while in custody.

29. Plaintiffs were eventually arraigned on charges and statements sworn to by the individual officers, and on a criminal complaint sworn to by the defendant Hugo Ortega.

30. After arraignment, the Plaintiffs were then detained by the City of New York for several more days before the charges against them were dismissed and they were released from custody.

5

31. Before their charges were dismissed, plaintiffs were prosecuted pursuant to the complaint and pursuant to the statements made by the individual defendants.

32. The factual allegations sworn to by the defendants against plaintiffs were materially false and deliberately made to justify the illegal searches, arrests, and excessive force perpetrated by the defendants against plaintiffs.

33. It was objectively unreasonable for the defendants to arrest plaintiffs, as there was no evidence that they had engaged in any unlawful conduct.

34. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiffs, nor could the defendants have reasonably believed that such cause existed.

35. At no time did there exist any basis to use any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

36. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiffs were engaged in any unlawful or suspicious activity.

37. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiffs.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

39. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY "POLICE OFFICERS"

40. Plaintiffs STEVEN MORRIS and ADRIAN DAVIS repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. By their conduct and actions in arresting, imprisoning, maliciously prosecuting, failing to intercede on behalf of STEVEN MORRIS and ADRIAN DAVIS and in failing to protect them from the unjustified and unconstitutional treatment he received at the hands of other defendants, the individual defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiffs to be unlawfully subjected to excessive and unreasonable force and false arrest, malicious prosecution, and caused injury and damage in violation of the plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

42. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
## <u>THE CITY OF NEW YORK</u>

43. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiffs' rights.

46. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employees, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE

CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiffs, in violation of plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

48. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrests.

50. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who

have already been handcuffed;

b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

d. Retaliating against officers who report police misconduct; and

e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

51. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct. Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (S.D.N.Y.);

h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

52. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

Informal inquiry by the court and among the judges of this court, as well as

    knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

53. As a direct result of defendant's actions, plaintiffs suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiffs by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

54. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE, FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION PURSUANT TO STATE LAW

55. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

57. At all times hereinafter mentioned, plaintiffs were detained and held under the imprisonment and control of the defendants under false pretenses.

58. At all times hereinafter mentioned, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiffs without warrant, authority of law or probable cause therefore.

59. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiffs against their will and without their consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiffs through the unlawful arrest of plaintiffs; unlawfully detaining and confining plaintiffs through the use of force; unlawfully arresting plaintiffs and placing plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiffs.

60. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

61. That plaintiffs were conscious of the confinement.

62. That as a direct, sole and proximate result of the false arrest, imprisonment, excessive force, and malicious prosecution, plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

63. By the actions described above, the individuals defendants and THE CITY OF NEW YORK caused plaintiffs to be falsely arrested and/or falsely imprisoned plaintiffs without probable

cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

64. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

65. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

67. That by reason of the battery, the plaintiffs were harmed physically while unlawfully detained, and that the plaintiffs were otherwise harmed as a result of the defendants' actions.

68. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHT UNDER
## NEW YORK STATE LAW
## <u>VIA ASSAULT</u>

69. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York Law

71. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

72. That by reason of the aforesaid committed by the defendants, plaintiffs suffered and continue to suffer physical injury and that they were otherwise damaged.

73. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

74. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75. Defendants negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

77. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

78. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

80. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81. Defendants negligently caused emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

83. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

 a. Compensatory damages;

 b. Punitive damages;

 c. The convening and empanelling of a jury to consider the merits of the claims herein;

 d. Costs and interest and attorneys' fees;

 e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   December 26, 2012

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

By: _____
  JESSICA MASSIMI, Esq. (JM-2920)
  80 Maiden Lane, 12th Floor
  New York, New York 10038
  (212) 962-1020